(November 17, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WIGBERTO VILLANUEVA, Appellant.—Judgment, Supreme
Court, Bronx County (George Covington, J.), rendered Febru-
ary 4, 1987, convicting defendant, after a jury trial, of robbery
in the first degree, and sentencing him, as an armed violent
felony offender, to an indeterminate prison term of 8 to 16
years, modified, on the law, the facts, and as a matter of
discretion in the interest of justice, to vacate the sentence, and
the matter is remanded for resentencing, and otherwise af-
firmed.

The record of the sentencing proceeding in this conviction
for a taxicab robbery reveals that the court, in determining
defendant's sentence, relied upon a 1981 arrest on weapons
charges and a 1983 arrest for unauthorized use of a vehicle. In
each of these matters, however, all of the charges against
defendant had been dismissed. The record further indicates
that the court took into account an indictment for robbery
which was then pending against the defendant. That indict-
ment, we are informed, resulted in an acquittal after a jury
trial held subsequent to the within sentencing. The record
before us also reveals that the court considered unsupported
allegations of "crack" use by defendant.

In addition to the above factors, the prosecutor, at sentenc-
ing, urged the court to consider 15 unsolved taxicab robberies
that the police suspected defendant of having committed. The
prosecutor, however, did not possess any evidence linking the
defendant to those 15 unsolved robberies, and, indeed, con-
ceded that indictments were "highly unlikely" because the
victims were unable to make identifications.

Despite the fact that the case before the sentencing court
represented defendant's first felony conviction, it held that
"[t]he present crime conforms with [defendant's] prior crimi-
nality", and sentenced defendant, on the basis of the foregoing
information, to an indeterminate prison term of 8 to 16 years.

As a matter of due process, a court may not use extraneous
crimes to enhance a sentence unless it first has ascertained,
by way of accurate, reliable evidence that defendant actually
committed those crimes. (See, Townsend v Burke, 334 US 736,
740 [1948]; United States v Pugliese, 805 F2d 1117, 1124 ([2d
Cir 1986].) In the within matter, the sentencing record, taken
as a whole, is so permeated with improper considerations and
prejudicial references that we conclude defendant was de-
prived of due process of law.

Accordingly, the sentence is vacated, the matter is re-

manded for resentencing, and the judgment is otherwise affirmed. Concur—Murphy, P. J., Carro and Asch, JJ.

Kupferman and Smith, JJ., dissent in a memorandum by Smith, J., as follows: I would affirm the conviction and would not reduce the sentence. The sentencing court did not improperly sentence the defendant for a crime or crimes for which he was not convicted.

The defendant was convicted of robbery in the first degree and sentenced as a violent felony offender to 8 to 16 years in prison. The conviction grew out of the robbery of a taxicab driver. At the sentence the District Attorney noted that there had been approximately 15 other cab robberies similar to that for which the defendant had been convicted. He also stated that it was unlikely that any of those 15 cases would be tried. He further noted that the defendant had been indicted for one other cab robbery and that that indictment was then pending.

When the defense attorney spoke, he noted that the defendant had not been tried for a pending charge of robbing another taxicab and that the defendant should be presumed innocent. The court replied, "Let me assure you that I do." The defense attorney went on to say that he was certain that the court would not sentence the defendant "for 15 alleged other crimes in the city or maybe 1500 other crimes in the city." While the court did not specifically reply to the comment, there was nothing in the record to suggest that the court was sentencing defendant for 15 uncharged crimes.

The court, as it had a right to do, summarized, paraphrased and quoted liberally from the probation report. One of the sentences it quoted was that, "The present crime involving use of a weapon conforms with his prior criminality." Unfortunately, although quoting the probation report, this and other portions of that report are not in quotation marks in the sentence minutes. Nevertheless, the record demonstrates that the defendant was sentenced only for the crime for which he was convicted.