■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PATRICK, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered March 16, 1988, which convicted defendant, upon his plea of guilty, of murder in the second degree and sentenced him to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Defendant, a reputed member of a gang called the "Westies", together with a cohort, killed a man in a "gangland execution" style and dumped his body in the Hudson River. Six months later, the body was discovered, and defendant was subsequently arrested and indicted for the murder. After the

clerk was sent to get a panel of prospective jurors, defendant withdrew his not guilty plea and offered a plea of guilty. The allocution was proper in all respects and is not at issue on this appeal. However, on the date set for sentencing, defendant moved to withdraw his plea pursuant to CPL 220.60 (3). The court denied the motion and sentenced defendant in accordance with his plea bargain. Defendant contends that it was error to deny his motion to withdraw the guilty plea. We find this argument to be without merit.

A trial court Judge hearing a motion to withdraw a guilty plea "must exercise his discretion in affording defendant a reasonable opportunity to advance his claims from which an informed and prudent determination can be rendered" *(People v Frederick*, 45 NY2d 520, 525). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" *(People v Tinsley*, 35 NY2d 926, 927).

The Trial Justice herein conducted an interrogation and was satisfied that defendant had not established a valid basis for granting the motion. Defendant has failed to demonstrate that the court abused its discretion in denying the motion to withdraw his guilty plea *(People v Frederick, supra)*. At his plea allocution, defendant expressly admitted that he committed the crime charged. An expression of fear from "some unspecified source" cannot be a basis for finding coercion *(People v Kelly,* 159 AD2d 227). Further, recognizing that defendant's motion was addressed to the sound discretion of the court and that finality should accompany the results of plea negotiations *(People v Frederick, supra,* at 525), it cannot be said that the court abused its discretion. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.