■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered June 23, 1988, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the County Court erred in denying his application to withdraw his guilty plea without a hearing. The decision of whether to permit the withdrawal of a plea rests with the sound discretion of the court of first instance (see, People v Dickerson, 163 AD2d 610; People v Oliver, 163 AD2d 686; People v Council, 162 AD2d 293). Although the County Court provided the defendant with ample time and opportunity to state his reasons for seeking to withdraw his plea (see, e.g., People v Patrick, 163 AD2d 84; People v Melendez, 135 AD2d 660), the defendant merely offered conclusory and unsubstantiated allegations to the effect that his counsel had coerced and misled him into accepting the plea agreement. Given the total absence of factual support for these claims, the defendant's previous experience with the criminal justice system (see, People v Dickerson, supra), his voluntary and knowing guilty plea, and his prior expressions of satisfaction with counsel, we discern no improvident exercise of discretion in the denial of his application without a hearing (see, e.g., People v McMahon, 163 AD2d 588; People v Rogers, 163 AD2d 337; People v Scott, 161 AD2d 677).

Similarly unavailing is the defendant's contention that he was sentenced without the benefit of an adequate presentence report. Our review of the presentence report referred to by the court reveals that it contained all of the relevant and necessary information to aid the court in the imposition of the bargained-for sentence (see, CPL 390.30 [1]-[3]). Moreover, inasmuch as the defendant expressly declined to speak with the Department of Probation official who attempted to interview him, he cannot now complain that the absence of an offender's statement from the report rendered it unacceptable. Accordingly, the defendant's claim that his sentencing should have been further delayed for the preparation of a more complete presentence report is without merit.

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Thompson, Sullivan and Harwood, JJ., concur.