■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ACEVEDO, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered April 25, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.

On this appeal defendant urges several grounds for reversal of his conviction: deprivation of a speedy trial, improper issuance of a search warrant for his premises, unreasonable search and seizure of items taken from his premises, the prosecution's tardy disclosure of reports requested by defendant, ineffective assistance of counsel, prosecutorial misconduct, County Court's misconduct, and the imposition of an illegal sentence.

We have examined all of these contentions and have concluded that only two warrant any discussion because the others are patently lacking in merit. With respect to the claim that defendant's speedy trial rights were violated, it is noted

that it was almost three years from the time defendant was arrested on March 13, 1987 until defendant's trial commenced on February 6, 1990. It was almost a year from the date of defendant's arrest until his indictment on December 22, 1987. At the arraignment on January 4, 1988 the prosecution announced its readiness for trial. This delay was mainly attributable to defense counsel's request that the presentation of the case be delayed until another unrelated matter against defendant was resolved. A hearing was held on this issue at which a former District Attorney testified that the delay was at the request of defense counsel. This request of defense counsel was not withdrawn until November 1987, at which time defense counsel informed the prosecution that defendant had been acquitted of the other charges and was no longer interested in negotiating a plea. It is, therefore, concluded that defendant's claim of a CPL 30.30 violation has no validity *(see, People v Cole,* 73 NY2d 957, 958; *People v Giordano,* 56 NY2d 524, 525).

Defendant's claim of a CPL 30.20 violation is separate and independent of the alleged CPL 30.30 violation and is, therefore, separately considered *(see, People v Brothers,* 50 NY2d 413, 417). The factors relative to a CPL 30.20 issue are set forth in *People v Taranovich* (37 NY2d 442, 445). Applying these factors to the facts of this case, no CPL 30.20 violation has been demonstrated. The postindictment delay was approximately two years. For approximately three months and two weeks during the summer of 1989 defense counsel was not available due to his engagement in a Federal court trial and for one week defendant was tried on an unrelated indictment. These periods are not chargeable against the People. Defendant is also chargeable with 118 days for postindictment motions. The remaining time is attributable by the prosecution to calendar congestion. At the end of 1988, County Court was 113 cases beyond standards and goals and, at the end of 1989, the court was 173 cases beyond standards and goals. Defendant suffered no period of pretrial incarceration. As to defendant's contention that he was prejudiced by the delay because of the death of a codefendant who would testify that the drugs that were found in defendant's home were not for sale and would offer favorable testimony regarding the ownership of the weapon found in the home, it appears that this death occurred during the time that defendant had requested that the case not be presented to the Grand Jury. In this regard, defendant can claim no prejudice from the fact that two other defense witnesses were arrested and convicted during the delay which defendant now says destroyed their

credibility. Considering these facts in the light of the *Taranovich* factors *(see, People v Taranovich, supra),* defendant has not demonstrated a violation of CPL 30.20.

The final issue raised by defendant is meritorious. County Court erred in sentencing defendant as a predicate felon by using as the predicate a felony that had previously been judicially determined in an unrelated matter to be ineligible as a predicate. This prior determination was binding on the court here *(see,* CPL 400.21 [8]). Therefore, the concurrent prison sentences imposed of 12½ to 25 years on the possession of a controlled substance conviction and 3½ to 7 years on the weapons conviction were illegal. The case must therefore be remitted to County Court for resentencing.

Mahoney, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.