■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MALCOLM, Appellant. [629 NYS2d 750] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 9, 1994, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him to a term of 4 to 12 years, unanimously affirmed.

Two transit police officers observed defendant and an accomplice beating the complainant while attempting to steal his coat. When defendant ran from the officers they broadcast a detailed description of his features and distinctive clothing and the location he was seen running toward. A police officer saw

defendant, who matched the description given, running from where he was last reported seen. Defendant was apprehended after a chase, and was brought back to the scene of the robbery where he was identified by the two transit officers and the complainant, who had been stabbed.

The apprehending officer who received the radio report had more than the required reasonable suspicion that defendant had committed a crime justifying a forcible detention, since the probable cause possessed by the sending officers could be imputed to the receiving officer absent a challenge to the reliability of that information (*People v Dodt*, 61 NY2d 408, 416; *People v Brnja*, 50 NY2d 366, 372). The People's failure to give timely notice of intention to offer the two transit officers' pretrial identification of defendant did not preclude the introduction of such evidence at trial, since defendant requested and received a *Wade* hearing that resulted in denial of his motion to suppress (CPL 710.30 [3]; *People v Santana*, 191 AD2d 174, 175-176, *lv denied* 81 NY2d 1019).

A knife fitting the description of that used to stab the complainant, found at the crime scene the next morning, was properly admitted, since any question whether it was the same knife went to its weight and not its admissibility (*People v Mirenda*, 23 NY2d 439, 453-454; *People v Martinez*, 191 AD2d 262, *lv denied* 81 NY2d 973). Admission of defendant's having given a false name at pedigree was relevant as suggesting consciousness of guilt (*People v Walker*, 83 NY2d 455). Finally, enhancement of defendant's sentence was based on overwhelming evidence that he had committed perjury in front of the sentencing Judge, while sitting as the Trial Judge, with respect to basic adjudicative facts, that were material to the issue in the case, and thus did not violate defendant's State constitutional right to due process (*cf., People v Villanueva*, 144 AD2d 285, *lv denied* 73 NY2d 897). We affirm the sentence for the reasons stated by the trial court (*People v Malcolm*, 161 Misc 2d 90). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.