George **GONZALEZ**, Petitioner,

v.

Robert H. **KUHLMAN**, Superintendent, Sullivan Correctional Facility, Respondent.

No. 94 Civ. 6502 (LAK).

United States District Court, S.D. New York.

Dec. 29, 1995.

George Gonzalez, Petitioner Pro Se.

Robert L. Moore, Gary Casimir, Assistant District Attorneys and Robert T. Johnson, Bronx County District Attorney, Bronx, NY, for Respondent.

## OPINION

KAPLAN, District Judge.

George Gonzalez, a/k/a Richard Toscano, has petitioned the Court for a writ of habeas corpus, claiming that his New York State robbery conviction was obtained, and his sentence imposed, in violation of his federal constitutional rights. Petitioner subsequently withdrew the portion of his claim that relates to his conviction. The Court holds that the manner in which petitioner was sentenced deprived him of due process of law.

### Facts

Petitioner George Gonzalez was convicted of robbery in the first degree following a jury trial in the Supreme Court of the State of New York, Bronx County. When he came before the court for sentencing on May 12, 1987, he was awaiting trial on another indict-ment charging gun possession and faced possible indictment for an alleged prison assault.

At sentencing, the Assistant District Attorney urged the court to impose a severe sentence. He discussed the pending gun and assault charges as well as other offenses for which petitioner previously had been convicted. In the course of his argument, the Assistant offered to drop the gun charge and not to pursue the assault charge if the court imposed a sufficiently severe sentence:

"It is my feeling that this defendant should receive a very severe sentence simply to safeguard all of us, but I could live with the sentence that the Court was talking about, and to show how much I feel satisfied with that, in the interest of justice, and in the interest of judicial economy, your Honor, and it is not part of a plea bargain, I am not plea-bargaining at this point, and I don't think that the Court was suggesting any sort of a plea bargain because I am not asking the defendant to plead guilty to anything, I am doing this on my own, even if the defendant wants to decline that I do this, I still can do it, and the Court can impose the sentence that the Court feels is appropriate, but if the Court gives the sentence that it was discussing, which was seven to twenty-one years, I of course would like a much higher sentence, but if the Court feels that that is appropriate, I, in showing how appropriate I feel it is, on my own, without any plea negotiations between myself and counsel for the defendant, I will dismiss the gun case that is pending and I will decline to prosecute on the prison assault case." (Sentencing Minutes ["Tr."] 7–8)

The petitioner opposed the sentence proposed by the People and indicated his desire to proceed to trial on the assault and gun possession charges, even at the risk of conviction and imprisonment for "even more time on [those] other cases." (Tr. 15) He asserted that the alleged assault had been committed in self-defense, pointed out that he had not been found in possession of a gun in the gun possession case, and denied that he had possessed the gun as charged. Petitioner contended also that he was being pun-

ished for having refused to accept a plea bargain in the robbery case. (Tr. 8–15)

The sentencing judge then stated that he had considered a sentence of five to fifteen years to be appropriate, but that he instead would sentence petitioner to seven to twenty-one years in consideration of the Assistant District Attorney's promise to dismiss the pending indictment and not to prosecute the assault charge:

> "THE COURT: I felt that the appropriate sentence in this case, based upon the facts and the details of the case for which he was convicted before me, that an appropriate sentence would have been five to fifteen years to run consecutively to the first robbery for which he was found guilty by a jury. But after listening to Mr. Iannucci [the Assistant District Attorney], and the representations made by him, that he did, in effect, ask me to take into consideration the pending Attempted Murder Charge or assault charge against the defendant emanating from the attack on a fellow inmate, and his statement to me that he will not prosecute the gun charge, and he will not seek an indictment on the assault charge if I give the appropriate sentence. Mr. Iannucci, are you now making the statement that if I give seven years to twenty-one years that you will not prosecute the gun charge in this case against this defendant?

> "MR. IANNUCCI: That is correct your Honor.

> "THE COURT: And you will not go any further with the assault charges in the Riker's Island assault case?

> "MR. IANNUCCI: That is correct Judge.

> "THE COURT: Based on that representation by the Assistant District Attorney, the sentence of this court, Mr. Toscano, is that you be sentenced to an indeterminate term of imprisonment, which shall have a maximum term of twenty-one years and a minimum term of which shall have seven years, said sentence to run consecutively, that is, in addition to the sentence you were previously sentenced to on your original conviction of Robbery in the First Degree for the gas station robbery." (Tr. 17–18)

There is no indication in the record that the court made any determination as to the factual accuracy of the People's representations or the defense's denials regarding the assault and the weapons possession charges.

Petitioner appealed his conviction on two bases and appealed his sentence on due process grounds. He specifically asserted in the Appellate Division that the sentencing, which he characterized as an *ex parte* plea bargain between the People and the sentencing judge, "imposed a significant liberty penalty for accusations which had never been proven by the People nor admitted by appellant, *cf. People v. Drummond,* 40 N.Y.2d 990, 391 N.Y.S.2d 67, 359 N.E.2d 663 (1976), denying his fundamental right to due process. *See Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977)." (Casimir Aff. Ex. 1, at 28) The Appellate Division affirmed without opinion. *People v. Toscano,* 151 A.D.2d 1053, 544 N.Y.S.2d 263 (1st Dept.1989). Petitioner then applied for leave to appeal to the Court of Appeals with respect to the sentencing claim alone. (Casimir Aff. Ex. 3) Leave was denied. 74 N.Y.2d 820, 546 N.Y.S.2d 578, 545 N.E.2d 892 (1989).

### Discussion

The State of New York opposed this petition on the ground that petitioner had failed to exhaust his State remedies and on the merits. The Magistrate Judge to whom the case was referred recommended denial of the petition on the merits, rejecting *sub silentio* the State's exhaustion argument. Neither party objected to the report and recommendation.

The lack of objections does not eliminate the Court's obligation to determine whether to accept the recommendation. *McCarthy v. Manson,* 714 F.2d 234, 236 n. 2 (2d Cir.1983) (citing *Mathews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976)). And although the State's failure to object to the Magistrate Judge's implicit recommendation that its exhaustion argument be rejected arguably waives that contention, the Court will proceed to consider the arguments of both parties.

*Exhaustion*

█ As noted, petitioner's brief to the Appellate Division specifically claimed that he was sentenced on the basis of unproven allegations in violation of his federal constitutional right to due process of law. The State concedes (Res.Br. at 6) that petitioner's appeal based his claim on the Fourteenth Amendment and cited federal cases. It nevertheless contends that the cases cited did not support his position and, in consequence, that the petitioner failed to raise his claim "in federal constitutional terms." (*Id.*)

█ This argument is utterly without merit. Petitioner squarely raised the use of disputed, unproven allegations as a federal constitutional matter. At least one of the cases he cited, moreover, would have removed any doubt, had doubt existed on that score. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977), reiterated that "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." Sentencing on the basis of inaccurate information itself can violate due process. *Townsend v. Burke,* 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Romano,* 825 F.2d 725, 728 (2d Cir.1987). Thus, by asserting his innocence of the pending charges relied upon at sentencing, and by appealing on due process grounds the sentencing judge's consideration of such contested allegations, petitioner's reference to *Gardner* made it abundantly clear that petitioner was raising a federal constitutional claim, a claim that he continued to press in his application for leave to appeal to the Court of Appeals.[1]

█ The respondent's other exhaustion point is the claim that there is an as yet unexhausted remedy to correct procedural defects in petitioner's sentence pursuant to N.Y.Crim.Proc.L. § 440.20 (McKinney 1994). The claim, however, is based on a mistaken premise.

As indicated above, petitioner consistently has characterized his sentence as the product of an *ex parte* plea bargain between the People and the sentencing judge while at the same time making clear that his complaint rests on the use of disputed allegations of misconduct as a factor in determining his sentence. The State picks up on this characterization and argues that any *ex parte* plea bargain necessarily would involve "matters alleged to have occurred dehors the record." (Res.Br. 7) It then points out that Section 440.20, to which petitioner has not resorted, provides a vehicle for resolving such allegations and concludes that this ground of the petition has not been exhausted.

█ The flaw in the reasoning is the inappropriate reliance on petitioner's characterization of the events at sentencing as an *ex parte* plea bargain. While that characterization appears to be inaccurate, the real point of the direct appeals and the petition here does not depend on the characterization. It depends on the imposition of a sentence more severe than otherwise would have been imposed on the basis of unproven and disputed allegations. Nothing about that contention depends on matters outside the record. The point was raised and rejected on direct appeal. In consequence, petitioner has exhausted his State remedies.[2]

---

1. The State does not argue that petitioner failed adequately to present the issue to the Court of Appeals. Any such claim would be without merit. While the letter in which petitioner's case was presented to the Court of Appeals continued to use the *ex parte* plea bargain characterization, it nevertheless directed the court's attention to the propriety of the sentencing court's reliance on the contested allegations of other criminal conduct. In addition to "identify[ing]" the issue on which the application [was] based," the letter attached the Appellate Division briefs, as required by the rules of the New York Court of Appeals. 22 N.Y.C.R.R. § 500.10(a). Hence, even if the cover letter could have been more explicit, the attachment of the lower court briefs raising this issue was sufficient to present the issue, at least here, where the Court of Appeals could identify the issue without searching for a "needle in a paper haystack." *See Meatley v. Artuz,* 886 F.Supp. 1009, 1013–14 (E.D.N.Y. 1995).

2. The Court notes two other points in passing. First, the possible availability of collateral review under state law does not preclude federal habeas corpus relief for matters already raised and rejected on direct appeal. *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989); *Leecan v. Lopes,* 893 F.2d 1434, 1439 n. 3 (2d Cir.), *cert. denied,* 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990).

*Petitioner's Due Process Claim*

The substance of what took place at sentencing is plain. The sentencing judge concluded that a sentence of five to fifteen years was appropriate for the offense of which petitioner had been convicted. He then imposed a more severe sentence in exchange for the People dropping two pending charges against petitioner—charges that petitioner denied and on which he expressed the desire to go to trial rather than accept a harsher sentence for the offense of conviction. Whether this is characterized as an *ex parte* plea bargain or something else, petitioner's sentence includes an enhancement that reflects the other offenses of which he had been accused, but on which he had no trial or other fact finding proceeding and, for that matter, no factual determination. The question is whether this enhancement violated his federal constitutional rights.

■ The State makes much of the fact that petitioner's sentence was within the statutory maximum for the offense of which he was convicted. To be sure, a federal habeas court's review of a state sentence quite properly is circumscribed, especially when the sentence is within the statutory range. *Dorszynski v. United States,* 418 U.S. 424, 431–32, 94 S.Ct. 3042, 3047–48, 41 L.Ed.2d 855 (1974). But a state criminal defendant has a protected right to due process at sentencing.[3] Deprivation of that right therefore is not merely a matter of state procedural law but is a deprivation of a constitutionally

protected liberty interest. *See Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980). Hence, a federal court may grant habeas relief setting aside a state court sentence in the rare case in which "an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988).

■ It is important to be clear at the outset what is *not* at issue on this petition. It is common ground that a defendant has no right to protest the dismissal of charges against him. *Parr v. United States,* 351 U.S. 513, 516–17, 76 S.Ct. 912, 915–16, 100 L.Ed. 1377 (1956); *United States v. Reale,* 834 F.2d 281, 282 (2d Cir.1987). It is equally clear that a sentencing court may consider other pending charges[4] and uncharged but relevant conduct in fixing the sentence.[5] Nor does petitioner deny that the sentencing judge's traditional discretion is "largely unlimited either as to the kind of information he may consider, or the source from which it may come."[6] Nonetheless, all of these principles are subject to the overall constraint that the procedure by which these factors come before the court conform to the requirements of due process. And while, at sentencing, due process does not "implicate the entire panoply of criminal trial procedural rights,"[7] it requires some protection against a defendant being sentenced on the basis of "materially untrue" statements or

Second, the two grounds of attack on petitioner's conviction, subsequently withdrawn by petitioner, were not presented in the application for leave to appeal to the Court of Appeals. As respondent correctly notes, those grounds, even had they not been withdrawn, therefore were exhausted although procedurally forfeited. (Res. Br. 7) Accordingly, their presence did not make this a mixed petition subject to dismissal under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

3. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977); *Williams v. New York,* 337 U.S. 241, 250–51, 69 S.Ct. 1079, 1084–85, 93 L.Ed. 1337 (1949); *United States v. Lee,* 818 F.2d 1052, 1055 (2d Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376

(1987); *People v. Felix,* 58 N.Y.2d 156, 165, 460 N.Y.S.2d 1, 6, 446 N.E.2d 757, 761 (1983).

4. *United States v. Lee,* 818 F.2d at 1056–57.

5. *United States v. Needles,* 472 F.2d 652, 654–55 (2d Cir.1973) (dismissed counts of an indictment); *United States v. Cifarelli,* 401 F.2d 512, 514 (2d Cir.) (offenses not charged), *cert. denied,* 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968).

6. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Salemi,* 46 F.3d 207, 210 (2d Cir.1995).

7. *Gardner,* 430 U.S. at 358 n. 9, 97 S.Ct. at 1204 n. 9.

"misinformation" [8] and insists also that the state prove disputed conduct upon which a sentence rests "by a preponderance of the evidence." *Nichols v. United States,* —— U.S. ——, ——, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994) (citing *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986)); *accord, United States v. Shonubi,* 998 F.2d 84, 87 (2d Cir.1993); *United States v. Lee,* 818 F.2d at 1057 ("the Supreme Court has held that the preponderance of the evidence standard satisfies the Due Process Clause of the Fourteenth Amendment in the context of State sentencing.").

▇▇ The Constitution does not force state sentencing procedures into a strait jacket of prescribed form. Rather, the role of the federal courts is only to determine whether the procedures employed conformed to minimal due process requirements, which depends on four factors: (1) the nature of the individual interest at stake, (2) the risk of error inherent in the present method of obtaining information, (3) the usefulness of additional procedural safeguards in securing accurate information, and (4) the government's interest in being free of the fiscal and administrative burdens that the provision of additional safeguards would impose. *United States v. Pugliese,* 805 F.2d 1117, 1122 (2d Cir.1986) (applying *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), in the sentencing context).

▇▇ Application of this analysis here is straightforward. A criminal defendant's interest in his sentence "could not be greater because his sentence determines in large measure his future liberty." *United States v. Lee,* 818 F.2d at 1055. The risk of error at sentencing inherent in reliance on unproven prosecutorial representations is apparent.[9]

Some incremental benefit in improved accuracy of information considered by the sentencing court is bound to accrue from procedural safeguards beyond what occurred here. Finally, while the government's interest in avoiding extended "mini-trials" after conviction is significant and legitimate,[10] there is no reason to believe that procedures cannot be fashioned which would not impose an excessive burden on the State while ensuring that the court relies only on accurate information when sentencing defendants.[11]

Here there is no close question. Cutting through the competing characterizations of what took place, the defendant was sentenced to an additional term of imprisonment of two to six years (the difference between the five to fifteen year term otherwise thought appropriate and the seven to twenty-one years imposed) for offenses of which he was accused, but which he denied, without (i) any evident consideration by the sentencing court of the accuracy of those charges or (ii) any determination as to whether the People had established the petitioner's guilt even by a preponderance of the evidence. While the sentencing judge undeniably could have sentenced the petitioner to a term of seven to twenty-one years purely on the basis of the offense of conviction, without regard to the other charges, the reliance on the disputed conduct in the absence of these safeguards violated petitioner's federal constitutional right to due process of law.

As noted above, the Magistrate Judge recommended denial of this petition. With great respect, this Court disagrees with the Report and Recommendation.

The Magistrate Judge viewed the petition through the lens of petitioner's characterization of the sentencing as reflecting an *ex*

---

8. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Romano,* 825 F.2d 725, 728 (2d Cir.1987).

9. Indeed, although there is no evidence of bad faith in this case, it is conceivable that a prosecutor, unless held to some burden of proof as to such allegations could allege uncharged offenses or initiate a separate and baseless prosecution simply to influence the sentence in a pending case.

10. *United States v. Romano,* 825 F.2d at 729–30.

11. While federal courts do not sit to correct errors in State law, it is worth noting that New York's courts recognize that due process requires a sentencing court to assure itself that the information upon which it relies when imposing a sentence is accurate. *People v. Villanueva,* 144 A.D.2d 285, 534 N.Y.S.2d 166 (1st Dept.1988); *app. denied,* 73 N.Y.2d 897, 538 N.Y.S.2d 810, 535 N.E.2d 1350 (1989).

*parte* plea bargain imposed on petitioner by the court and the People. (Report and Recommendation ["R & R"] at 5–6) The R & R rejected that characterization, noting that petitioner had no right to a trial on the dismissed charges, that the sentence was within the permitted statutory range, and that the sentencing judge could have sentenced petitioner to a longer term had he ignored the prosecutor's promise to drop the pending charges. (*Id.* at 7) The only reference to petitioner's claim that the sentencing court improperly enhanced his sentence on the basis of the pending charges was its conclusion that "it is permissible for a sentencing court to consider evidence of other crimes for which the defendant was neither tried nor convicted." (*Id.* at 6)

This Court agrees with both propositions advanced in the R & R. In particular, there is no proper basis for characterizing the sentencing as the imposition on petitioner of a plea bargain. Nevertheless, the crucial point—that due process forbids reliance on other crimes for which the defendant has not been convicted where the conduct in question is disputed and the sentencing court has made no determination as to whether the conduct has been established even by a preponderance of the evidence—was not addressed in the R & R.

### Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is granted. The petitioner shall be discharged from respondent's custody unless he is resentenced in accordance with the law within sixty days from the date hereof.

SO ORDERED.