THIRD DEPARTMENT, FEBRUARY, 1996

(February 1, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ACEVEDO, Appellant. [637 NYS2d 233] —Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered February 20, 1992, which resentenced defendant following his conviction of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.

In 1990, defendant was convicted following a jury trial of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. Defendant was sentenced as a second felony offender to concurrent prison terms of $12^{1}/_{2}$ to 25 years on the possession of a controlled substance conviction and $3^{1}/_{2}$ to 7 years on the weapons conviction. Upon appeal, this Court determined that defendant was improperly sentenced as a predicate felon and remitted the matter for resentencing (176 AD2d 1007, lv denied 79 NY2d 824). Thereafter, defendant made a CPL 330.30 motion seeking to set aside the verdict on speedy trial grounds, an issue previously determined adversely to defendant both by County Court following a pretrial hearing and by this Court on defendant's original appeal (ibid.). County Court denied this motion and resentenced defendant to consecutive prison terms of $8^{1}/_{3}$ to 25 years on the possession of a controlled substance conviction and $2^{1}/_{3}$ to 7 years on the weapons conviction. This appeal by defendant ensued.

Initially, we reject defendant's contention that his sentence was harsh and excessive. Contrary to defendant's claims, the record does not support his assertion that County Court imposed this particular sentence out of vindictiveness because his original sentence was reversed on appeal. Although it is true that the new sentence has a greater cumulative maximum term, it is also true that the minimum aggregate sentence is less than the original sentence. In any event, even if the new sentence is technically a more severe one, this is not a situation where a harsher sentence was imposed after a new trial (see, e.g., People v Van Pelt, 76 NY2d 156) and County Court adequately explained its reasons for the sentence imposed.

Turning to defendant's renewed claim that he was denied his constitutional and statutory rights to a speedy trial, we note that we previously considered and rejected this contention (see, 176 AD2d 1007, supra). Although defendant maintains that County Court erred in denying his CPL 330.30 motion

without a hearing, County Court held that defendant's motion was both meritless and untimely because it was not made prior to defendant's original sentence. We do not need to determine the timeliness issue because we agree that defendant's motion was properly denied on the merits. In our view, the evidence defendant sought to introduce at a new hearing could have been produced at the earlier hearing in the exercise of "due diligence" (CPL 330.30 [3]; *see, People v Wilson*, 168 AD2d 696, 699) and was not of the character that would clearly indicate that reversal was required (CPL 330.30 [1]).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.