■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON DAVILA, Appellant. [655 NYS2d 698] —Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered March 8, 1995 in Schenectady County, convicting defendant upon his plea of guilty of three counts of the crime of robbery in the second degree.

Defendant and two codefendants were indicted on three counts of robbery in the second degree after they forcibly took money from a restaurant and a pedestrian. Prior to trial, defendant pleaded guilty to all of the charges contained in the indictment without any promises being made with respect to the sentence. The presentence report states that defendant was not interviewed during the course of the presentence investigation because he was incarcerated at a Department of Correctional Services facility in Buffalo. Thereafter, defendant was sentenced to two concurrent terms and one consecutive term of $3^1/2$ to $10^1/2$ years in prison. On appeal, defendant contends that Supreme Court improperly considered a presentence report which did not contain a statement from him and that the sentence imposed is harsh and excessive.

Initially, inasmuch as defendant failed to raise his objection regarding the presentence report before Supreme Court, he has waived his right to raise it on appeal (*see, People v Greene*, 209 AD2d 541, 542, *lv denied* 85 NY2d 909; *People v Moquette*, 200 AD2d 854, *lv denied* 83 NY2d 874). Nevertheless, were we to consider the merits of this claim, we would find it to be without merit since there is no statutory requirement that a statement by the defendant be included in the presentence report (*see*, CPL 390.30; *see, e.g., People v Deyo*, 222 AD2d 757, 758; *People v Sanchez*, 175 AD2d 817; *People v Bercume*, 53 AD2d 924). Notably, when given an opportunity to address the court on the day of sentencing, defendant declined to comment. Likewise, we do not find that the sentence imposed is either harsh or excessive given the violent nature of the crime and the fact that the sentence is within statutory parameters. In addition, we find no error in Supreme Court's consideration of defendant's perjury as a factor in imposing the sentence inasmuch as it is relevant to legitimate sentencing goals (*see, United States v Grayson*, 438 US 41, 50-53; *see also, People v Malcolm*, 161 Misc 2d 90, *affd* 216 AD2d 118; *People v Marchese*, 160 Misc 2d 212). Therefore, the judgment is affirmed.

Cardona, P. J., Mikoll, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.