■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GONZALEZ, Also Known as RICARDO TOSCANO, Appellant. [692 NYS2d 28] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J., at trial and sentence; Alexander Hunter, J., at resentencing), rendered May 8, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a prison term of 7 to 21 years, to run consecutively with the undischarged portion of an aggregate sentence of 7⅓ to 22 years imposed on three unrelated robbery convictions, unanimously reversed, on the law, defendant's sentence vacated, and the matter remanded for resentencing.

Defendant was convicted of first-degree robbery. As defendant was convicted of an armed felony offense (using a gun to rob a grocery store), he could have been sentenced to as much as 12½ to 25 years (Penal Law former § 70.02 [3], [4]). The Assistant District Attorney advised the court that if it imposed a sentence of 7 to 21 years, to be served consecutively to a prior aggregate sentence of 7⅓ to 22 years for unrelated convictions, the People would drop a pending charge of third-degree criminal possession of a weapon and also decline to seek an indictment in an alleged case of prison assault by defendant. Defense counsel objected that defendant maintained his innocence in both incidents and that he wanted the court to sentence him without regard to the alleged weapon possession and assault. He was willing to risk the eventual imposition of even more prison time rather than forfeit the right to defend against these allegations. Nonetheless, the Sentencing Judge agreed to the prosecution's proposal. Significantly, the Judge stated: "I felt the appropriate sentence in this case, based upon the facts and the details of the case for which he was convicted before me, that an appropriate sentence would have been 5 to 15 years to

run consecutively to the first robbery for which he was found guilty by a jury." However, he went on to say, he would increase the sentence in exchange for the prosecution's promise not to pursue the weapons possession and assault incidents—in essence, imposing a higher, consolidated sentence of 7 to 21 years as if defendant had pleaded guilty to those charges.

This conviction and sentence were affirmed by this Court (*People v Toscano*, 154 AD2d 314, *lv denied* 75 NY2d 777). Defendant's habeas corpus petition succeeded in Federal court (*Gonzalez v Kuhlman*, 911 F Supp 120). The United States District Court for the Southern District of New York held that the use of the disputed conduct to enhance defendant's sentence violated his constitutional right to due process: "[T]he defendant was sentenced to an additional term of imprisonment of two to six years (the difference between the five to fifteen year term otherwise thought appropriate and the seven to twenty-one years imposed) for offenses of which he was accused, but which he denied, without (i) any evident consideration by the sentencing court of the accuracy of those charges or (ii) any determination as to whether the People had established the petitioner's guilt even by a preponderance of the evidence" (*Gonzalez v Kuhlman, supra*, at 126).

Defendant returned to Bronx Supreme Court for resentencing on May 8, 1996. The original Sentencing Judge having retired, Justice Alexander Hunter presided. The prosecution urged the court to follow Justice Vitale's "wisdom" and impose an identical sentence, while the defense argued that a lesser sentence was required because the Southern District had found the sentence of 7 to 21 years to be based on consideration of improper factors. Without explanation, Justice Hunter resentenced defendant to 7 to 21 years. This was an abuse of discretion as a matter of law.

Under New York law, the imposition of a harsher sentence at resentencing, whether by the same Judge or a different one, raises a presumption of institutional vindictiveness that violates State constitutional due process protections, unless the Sentencing Judge justifies the increase by reference to incidents which occurred or came to light after the original sentencing (*People v Van Pelt*, 76 NY2d 156, 161-162). This rule exists so that defendants will not be punished for exercising their right to appeal. We reject the People's contention that *Van Pelt* should apply only when there is a retrial, as opposed to instances such as this one where the defendant is merely resentenced. Nothing in the language of that case suggests such a limitation. The policy concerns underlying the Court of

Appeals' decision are identical whether the entire conviction or only the sentence was appealed, namely that the defendant not be deterred from seeking appellate review, especially "adequate review of sentencings" (*People v Van Pelt, supra*, at 163).

The Third Department's decision in *People v Acevedo* (224 AD2d 727, *lv denied* 88 NY2d 875), on which the People rely for their proposed limitation on the applicability of *Van Pelt*, is factually distinguishable. The second sentence in *Acevedo* was upheld on the additional grounds that it was not truly more severe, since the minimum aggregate was lower than the original sentence even though the maximum was greater.

Further, in *Acevedo*, the resentencing court explained the reasons for its decision, whereas here, the court gave no explanation for its apparent disregard of the Southern District's habeas ruling nor for its refusal to follow the original Sentencing Judge's determination that 5 to 15 years was appropriate. *Van Pelt* (*supra*) indicates that the presumption of vindictiveness was intended to encourage a resentencing court to articulate its reasons for an enhancement.

The People's argument that the new sentence is not harsher than the first is similarly unavailing. The original Sentencing Judge clearly stated that the sentence he would impose for defendant's crime, based on the trial evidence, was 5 to 15 years. The increase to 7 to 21 years was in the nature of a makeshift plea bargain (albeit imposed against defendant's will): the sentence was essentially comprised of punishment for the first-degree robbery *plus* punishment for the two unproven crimes, reduced somewhat as a reward for saving the People the time and expense of trying those cases. Thus, where the original sentence was based on the robbery conviction plus other crimes, it is surely a sentence enhancement to impose the same sentence for the robbery standing alone. To argue otherwise, simply because the number of years is the same, is a deceptive word game.

Accordingly, we reverse and remand for resentencing, with the expectation that the sentencing court will give due consideration to the District Court's habeas decision and the sentencing recommendations of Justice Vitale and will explain its reasoning on the record. Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.