■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLETCHER HARRIS, Appellant. [709 NYS2d 515] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered July 7, 1997, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The hearing court properly refused to suppress defendant's statement to the arresting officers. *Miranda* warnings were not required when the officers asked defendant who owned the car. Defendant was not subject to interrogation designed to obtain a confession, but was merely asked questions designed to clarify the situation (*see, People v Huffman*, 41 NY2d 29, 34). Since the only information in the possession of the police was that the car had been reported stolen the previous day, the questions about the ownership of the car did not cross the boundary between clarification and interrogation (*compare, People v Nesby*, 161 AD2d 246, *lv denied* 76 NY2d 793, *with People v Johnson*, 64 AD2d 907, *affd* 48 NY2d 674). In any event, were we to find the statement inadmissible, we would find the error to be harmless beyond a reasonable doubt.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The jury properly found that defendant was in recent, exclusive, and falsely explained possession of the vehicle.

Defendant failed to preserve his claim that his due process rights were violated when the court based his sentence in part on its conclusion that defendant had committed perjury at trial, and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's testimony was patently perjurious and that the court properly considered that factor (*see, People v Malcolm*, 216 AD2d 118,

119). Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.