■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR RIVERA, Appellant. [721 NYS2d 54] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered March 28, 1997, convicting defendant, after a jury trial, of twelve counts of robbery in the first degree and two counts of attempted robbery in the first degree, and sentencing him to twelve concurrent terms of 12½ to 25 years concurrent with two concurrent terms of 7½ to 15 years, unanimously modified, on the law, to the extent of reducing the convictions under the sixth and eighth counts of the indictment to attempted robbery in the first degree and reducing the sentences on those convictions to terms of 7½ to 15 years, and otherwise affirmed.

Defendant's claim that the court improperly precluded him from giving testimony explaining why he had confessed is unpreserved since defendant failed to make an offer of proof after the prosecutor's objections were sustained (*People v George*, 67 NY2d 817). Were we to review this claim, we would find that the objections were properly sustained because the questions, as framed by defense counsel, did not seek to elicit an explanation for defendant's confession. Instead, the inquiry essentially sought an expression by defendant of his expectations as to what another person intended to do. The court's preclusion of this testimony was a proper exercise of discretion and did not violate defendant's right to testify on his behalf.

There was no violation of the unsworn witness rule when the trial prosecutor elicited minimal evidence of his personal involvement with a lineup. The court sustained objections to anything that went beyond an innocuous reference to the prosecutor's participation, and there was no testimony carrying any suggestion that the prosecutor's judgment influenced the investigating detective's decisions concerning the lineups or any other aspect of the investigation. Accordingly, there was no prejudice to defendant (*compare, People v Ortiz*, 54 NY2d 288, *with People v Paperno*, 54 NY2d 294).

The evidence was legally insufficient to establish beyond a reasonable doubt that defendant stole property from the victims involved in counts six and eight of the indictment, but was legally sufficient to establish attempted robbery in the first degree as to those two incidents, and we reduce the convictions and sentences accordingly. There is no purpose to be served by remanding for sentencing.

Defendant failed to preserve his claims regarding the court's

use in sentencing of its conclusion that defendant gave perjurious testimony, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court properly considered defendant's patently perjurious testimony in sentencing (*see, People v Harris*, 272 AD2d 225, *lv denied* 95 NY2d 935; *People v Malcolm*, 216 AD2d 118). Concur—Sullivan, P. J., Nardelli, Williams, Saxe and Friedman, JJ.