Fletcher HARRIS, Petitioner,

v.

The People of the State of NEW YORK, Respondent.

No. 01 Civ. 4314(NRB).

United States District Court, S.D. New York.

Oct. 31, 2001.

Fletcher Harris, Ossinging, NY, Pro se.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

Petitioner Fletcher Harris, a former inmate of Sing Sing Correctional Facility and currently released on parole, has brought this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a trial by jury in the Supreme Court, New York County. (Carruthers, J.). Petitioner was convicted of criminal possession of stolen property in the third degree, *see* NYPL § 165.50, and on July 7, 1997, he was sentenced to an indeterminate prison term of three to six years.[1] Having unsuccessfully sought to appeal his conviction in the state courts, petitioner now seeks habeas relief. For the reasons set forth below, his petition is denied.

## BACKGROUND

The facts as set forth in the submissions of the parties are as follows. On January 9, 1997, Police Officers Steven Goetz ("Goetz") and Joseph Rivera ("Rivera") were on routine patrol in an unmarked car in the vicinity of Riverside Drive and West 143rd Street. On assignment to the Auto Larceny Unit, the officers were conducting random license plate checks with the purpose of finding stolen vehicles. When Goetz and Rivera entered the license plate number of the gray Nissan Pathfinder that was being driven by petitioner Harris, the computer revealed that the Pathfinder had been reported stolen. Along with a marked police car, Rivera and Goetz pulled the Pathfinder over, approached, and ordered Harris from the vehicle at gunpoint. There is some testimony that Goetz's gun was pointed at a barking pitbull sitting in the back seat and that it was difficult to remove Harris from the car because it was still running and was in drive. *See* Appeal

Br. for Def. -Appellant, Attach. to Pet. for Writ of Habeas Corpus ("Appeal Br.") at 5–7. There are also conflicting versions of the degree of force used to remove Harris from the vehicle. *See id.* After Harris had exited the vehicle and had been handcuffed, he answered Goetz's questions about his name and address, responding that his name was Fletcher Harris and that he was homeless. Goetz then asked who owned the vehicle, to which petitioner replied that the car belonged to a friend of his whose name he did not know.[2] Miranda warnings had not yet been given.

The Supreme Court held a Huntley hearing[3] to determine whether Harris's statements to the police must be suppressed on the grounds that he was subjected to custodial interrogation without the necessary Miranda warnings. The parties agreed that Harris was certainly in custody when Goetz questioned him, but the issue raised was whether Goetz's questions constituted interrogation. Goetz testified that he questioned appellant at the time of the arrest in order to clarify the situation and make sure he didn't arrest someone who didn't deserve to be arrested. *See* Appeal Br. at 8–9 (citing hearing record). He noted as well that computer information on stolen vehicles is not always accurate. *See* Mem. of Law in Opp'n to Pet'r App. for a Writ of Habeas Corpus ("Opp'n Mem.") at 7 (citing hearing record). The trial court ruled that given the circumstances, the officers' precautionary drawing of their weapons was justified and that the few questions posed by Goetz

1. Petitioner was sentenced as a second felony offender, and was released from custody on September 7, 2001. It is well established that although petitioner is no longer confined, he is "in custody" for the purposes of habeas review because he is subject to the conditions of his parole. *See Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

2. There is some discrepancy in Goetz's testimony as to whether Harris also told him that

he had dropped his friend off at the bus station and had given him money to take a bus back to New Jersey. *See* Appeal Brief at 8.

3. The voluntariness of a defendant's statement is tested at a hearing under the authority of *People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

were meant only to clarify the situation and did not constitute interrogation.

At trial, Justice Carruthers denied defendant's motions to dismiss on the basis that the prosecution had failed to establish the element of knowledge for criminal possession of stolen property. This argument and much of the defense was premised on the testimony of the People's witnesses that the outward appearance of the car did not reveal that it had been stolen. Harris testified that he had acquired the car on January 8, 1997, from a Caucasian male, about 5'9" tall, who Harris met at a "crack house" and who appeared to be under the influence of crack cocaine. *See* Appeal Br. at 15–16. This man offered Harris the Pathfinder as collateral for a loan of $250.[4] *See id.* Harris testified that he inspected the license, registration, and insurance, saw that they all had matching names, and believed that the man before him was in fact the man whose name was on this documentation.[5] *See id.* He furthermore testified that the man had the keys to the car and that there was nothing about the vehicle that indicated it had been stolen. *See id.* Harris explained that after making arrangements to be in contact with this man, he drove away in the Pathfinder. *See id.* at 17.

The jury found the petitioner guilty of criminal possession of stolen property in the third degree. Petitioner appealed to the New York Supreme Court, Appellate Division, First Department, challenging: (1) the sufficiency of evidence that petitioner knew that the car he was driving had

been stolen; (2) the admission of incriminating statements in violation of petitioner's Fifth Amendment right against self-incrimination; and (3) the trial judge's enhancement of the sentence based on what he believed to be petitioner's perjurious testimony at trial. On May 23, 2000, the Appellate Division affirmed Harris's conviction. *People v. Fletcher Harris,* 272 A.D.2d 225, 709 N.Y.S.2d 515 (1st Dept. 2000). The court held that the verdict was based on legally sufficient evidence and that the credibility determinations of the jury ought not be disturbed. *Id.* at 515. Furthermore, the court found that the trial court had properly refused to suppress Harris's statement to the arresting officers because Harris was not subject to interrogation, but rather was questioned only to clarify the situation. *Id.* The court declined to review Harris's claim that the trial judge had impermissibly enhanced his sentence because Harris's failure to object at the proceeding resulted in petitioner's failure to preserve this claim.[6] *Id.* at 516. On November 20, 2000, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Fletcher Harris,* 95 N.Y.2d 935, 721 N.Y.S.2d 611, 744 N.E.2d 147 (2000).

## DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), P.L. No. 104–32, 110 Stat. 1214 (1996), grants wide deference to state court determinations of both law and fact, and restricts the ability of

---

4.  Harris further testified that it was his business to make small loans to people he met at crack houses in exchange for various types of collateral, including jewelry, electronics, and on occasion, cars. *See* Appeal Br. at 15 (citing trial transcript).

5.  At trial, the actual owner of the Pathfinder, a man named Mason Kirsch, testified that he had left these items in the vehicle along with

the keys on the night that the Pathfinder was stolen out of his closed garage in northern New Jersey. *See* Appeal Br. at 16.

6.  The Appellate Division did note, however, that even if they were to review this claim, it would find Harris's testimony patently perjurious and that the court properly considered this factor in sentencing Harris. *Harris,* 709 N.Y.S.2d at 516.

federal courts to grant writs of habeas corpus to state prisoners. The relevant portion provides that habeas review of a state court decision may only be granted for a claim adjudicated on the merits when the state court's decision (1) was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court, or (2) involved an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) and (2).

Reading the statute based on its "plain" meaning, a state court decision is "contrary to" an established Federal law if the state court reaches a different result than would the Supreme Court when presented with facts that are "materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases." *See Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J. concurring); *Clark v. Stinson*, 214 F.3d 315, 320 (2nd Cir.2000). A state court decision may also be reviewed under 28 U.S.C. S 2254(d)(1), if the state court "unreasonably" applies the correct federal rule. See *Williams*, 529 U.S. at 406, 120 S.Ct. 1495; *Clark*, 214 F.3d at 320–321. However, the statute requires denial of all habeas petitions unless the federal court determines that the state court's application of the federal rule was "objectively unreasonable" and was not merely an incorrect or erroneous application of federal law. See *Williams*, 120 S.Ct. at 1522; *Clark*, 214 F.3d at 320–321; *Francis v. Stone*, 221 F.3d 100, 108–109 (2nd Cir.2000).

Having now described the standard of review employed on habeas review, we turn to petitioner's claims.

## B. Sufficiency of Evidence

■ Petitioner's first claim for relief challenges the sufficiency of evidence pro-duced at trial regarding petitioner's knowl-edge that he was in possession of a stolen vehicle. In the habeas context, the stan-dard for determining the sufficiency of the evidence is whether "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Where the record supports con-flicting inferences, the court "must pre-sume ... that the trier of fact resolved any such conflicts in favor of the prosecu-tion, and must defer to that resolution." *Id.* at 326, 99 S.Ct. 2781. Defendants chal-lenging the sufficiency of the evidence thus face a "very heavy burden." *Knapp v. Leonardo*, 46 F.3d 170, 178 (2nd Cir.1995).

■ There is no question that sufficient evidence was presented for the jurors to conclude that Harris knew that the vehicle was stolen. At trial, the defense relied on testimony by the People's witnesses that there were no obvious indications on the Pathfinder, such as damages or stolen parts, to indicate that the car had been stolen. Harris's testimony at trial was essentially that he had no reason to believe that the expensive vehicle he obtained as collateral for a $250 loan from an unnamed crack addict he met at a crack house, was stolen. Evidently, the jury simply did not believe Harris's story. Given the evi-dence, a rational jury could certainly make the credibility determination that Harris knew that the vehicle was stolen, and could thus find Harris guilty of the crime with which he was charged.

## C. Admission of Incriminating State-ments

Petitioner's second argument is that his statements to the police during his arrest

and before he had received his Miranda warnings were admitted in violation of his Fifth Amendment right to be free from self-incrimination. The question for this Court is whether the state court's admission of these statements is contrary to the Supreme Court's Fifth Amendment jurisprudence or is an unreasonable application of such law. *See supra* Part A.

On direct appeal, the Appellate Division upheld the trial judge's decision at the suppression hearing that the statements were not responsive to an interrogation, but rather that Officer Goetz's questions sought only to "clarify the situation." *Harris*, 709 N.Y.S.2d at 515 (citing *People v. Huffman*, 41 N.Y.2d 29, 34, 390 N.Y.S.2d 843, 359 N.E.2d 353 (1976)). Given the facts of this case, including the crime charged and the question asked of Harris by Goetz, the conclusion of the trial judge and Appellate Division that Harris was not subject to interrogation is dubious. *See Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (stating that "the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response"). However, there is no doubt that the admission of Harris's statement at trial did not have a "substantial and injurious effect or influence in determining the jury's verdict" in this case. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113

S.Ct. 1710, 123 L.Ed.2d 353 (1993) (adopting this harmless error standard of collateral review); *see Bramble v. Smith*, 1998 WL 395265, *14 (S.D.N.Y. July 15, 1998) (applying *Brecht* standard in a similar habeas case). The admitted statements, namely that Harris had gotten the car from a friend whose name he did not know, are entirely consistent with Harris's own testimony at trial that he had believed this unnamed person to be the true owner of the vehicle, and therefore did not think that the vehicle had been stolen. Since the admitted statements are consistent with the explanations offered by Harris at trial, his defense was not prejudiced by their admission. *See, e.g., Bramble*, 1998 WL 395265 at *14 (holding that admission of defendant's statement that he stabbed the victim was harmless error in part because defendant relied on a justification defense and testified similarly at trial).

## D. Enhancement of Sentence

Petitioner's third claim is that the trial judge impermissibly enhanced his sentence in violation of petitioner's Due Process rights, based on the trial judge's statement at sentencing that he would take into account Harris's perjurious testimony.[7] The Appellate Division declined to review Harris's third claim on the grounds that Harris had failed to preserve this claim by objecting at the time of his sentencing.[8] *Harris*, 709 N.Y.S.2d at 516. The State argues, therefore, that this Court is thus barred from considering the merits of petitioner's third claim because "a federal ha-

---

7. The trial judge stated, "what strikes me, and apparently struck the jury, is the perjurious testimony on your part. I take all of that into account." *See* Sentencing Tr. at 18. However, despite this statement, it should be noted that Harris was sentenced to three to six years, within the applicable range.

8. We note that the Appellate Division apparently failed to consider the narrow exception to the preservation rule that "[t]he right to be

sentenced as provided by law, though not formally raised at the trial level, preserves a departure therefrom for review in this court." *People v. Fuller*, 57 N.Y.2d 152, 156, 455 N.Y.S.2d 253, 441 N.E.2d 563 (1982); *see also People v. Samms*, 95 N.Y.2d 52, 55–56, 710 N.Y.S.2d 310, 731 N.E.2d 1118 (2000) (discussing this exception to the preservation rule).

8

beas corpus claim is not cognizable where the petitioner waived it procedurally in the state court, unless he can show 'cause' for his procedural default and prejudice." *Taylor v. Harris,* 640 F.2d 1, 1–2 (1981); *see Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating that absent a showing of cause, prejudice, or a fundamental miscarriage of justice, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred").

■ Regardless of any procedural bar, petitioner's third ground for habeas relief is without merit because the trial court permissibly considered defendant's perjury as a factor in imposing sentence. *People v. Davila,* 238 A.D.2d 625, 655 N.Y.S.2d 698 (3rd Dept.1997); *cf. People v. Malcolm,* 216 A.D.2d 118, 629 N.Y.S.2d 750 (1st Dept.1995) (holding that defendant's state constitutional right to due process was not violated when trial judge enhanced sentence based on overwhelming evidence that defendant committed perjury). Furthermore, no constitutional issue arises when a sentence falls within the range proscribed by state law. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). Therefore, because the sentencing judge sentenced the petitioner within the range established by New York law, petitioner fails to state a claim that this Court can address, and petitioner's third ground for relief must be denied.

### CONCLUSION

For the foregoing reasons, petitioner's habeas corpus petition is denied. The Clerk of the Court is respectfully instructed to close this case.