Per Curiam.

In reversing the judgment of conviction herein, the Appellate Division’s order recites that, “ upon [its] opinion and decision slip * * * heretofore filed,” the judgment “ is reversed on the law and a new trial granted ” and that the “ findings of fact implicit in the jury’s verdict have not been considered.” In its opinion, however — which is deemed embodied in the court’s order (Code Crim. Pro., § 543-a; see People v. De Courcy, 8 N Y 2d 192,196) —the Appellate Division declares that, ‘1 Under all the circumstances, it is our opinion that a new *788 trial is required in the interests of justice.” (Italics supplied.) This latter statement, reflecting as it does an exercise of discretion, indicates that the Appellate Division did not rest its reversal solely upon questions of law. If such be the fact, this court does not have jurisdicton to review the order of reversal. (See, e.g., People v. Mendola, 2 N Y 2d 270, 274; People v. Redmond, 225 N. Y. 206, 208.) However, in view of the statements in the order — to the effect that the reversal was on the law and that findings of fact were not considered — the reference in the order to the court’s opinion may not have been intended; accordingly, we deem it fitting to afford the People an opportunity to move for resettlement.
The appeal should be dismissed unless the Appellate Division shall grant a motion, made within 10 days, to resettle its order of reversal so as to show that the judgment of the Nassau County Court was reversed upon the law alone.
Chief Judge Desmond and Judges Dye, Ftjld, Froessel, Van Voorhis, Burke and Foster concur.
Appeal dismissed, etc.