■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GERAGHTY, Appellant. [622 NYS2d 254] —Judgment, Supreme Court, New York County (Frank Torres, J.), rendered December 20, 1993, convicting defendant, upon his plea of guilty, of promoting gambling in the first degree, and sentencing him to an unconditional discharge, unanimously affirmed.

We agree with the motion court that although defendant's telephone conversations were intercepted by an eavesdropping warrant, he has no derivative right to contest the propriety of a prior pen register order from which information was obtained which constituted a probable cause basis for the eavesdropping warrant *(see, People v Varacalli,* 154 Misc 2d 805,

808). Defendant was not the target of any of the pen registers or a party to any conversations recorded by same, and therefore, he has no standing as an "aggrieved party" under CPLR 4506 to controvert their issuance *(supra,* at 808).

Nor does defendant have standing to challenge the lawfulness of the search warrant issued for an apartment in which he did not reside, and in which he otherwise had no legitimate expectation of privacy. Defendant's status as a visitor in the apartment on the day the search warrant was executed is insufficient to establish a proprietary interest in the premises, notwithstanding the fact that he had "various items" of his personal property, including his golf clubs, in the apartment *(see, People v Rodriquez,* 69 NY2d 159). Defendant's assertion, made for the first time on appeal, that at the time of the execution of the search warrant he was a "frequent visitor" and an "occasional overnight guest" in the apartment and that he kept a change of clothes there, is not supported by the record. Concur—Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.