■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH FIORE, WILLIAM DECKER, ANTHONY DePALMA, MELVIN AMIEL and JOHN ANDRIELLO, Respondents. [668 NYS2d 625] —Appeal by the People from an order of the County Court, Rockland County (Nelson, J.), dated January 17, 1997, which, after a hearing, granted those branches of the defendants' separate

omnibus motions which were to suppress all evidence derived from a pen register order and eavesdropping warrant.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the omnibus motions of the defendants Melvin Amiel and John Andriello which were to suppress all evidence derived from a pen register order and eavesdropping warrant and substituting therefor a provision denying those branches of their motions; as so modified, the order is affirmed, and the matter is remitted to the County Court, Rockland County for further proceedings on the indictment.

The County Court erred in granting the suppression motions of the defendants Melvin Amiel and John Andriello. These defendants were not the target of the pen register order nor were they identified or referred to in the papers submitted in support of the order. Accordingly, they have no standing to contest the implementation of the pen register order (*see, People v Kramer*, 244 AD2d 426). Moreover, these defendants have no derivative right to challenge the propriety of the prior pen register order from which information was obtained which constituted a probable cause basis for the subsequent eavesdropping warrant (*see, People v Geraghty*, 212 AD2d 358; *People v Varacalli*, 154 Misc 2d 805, 808).

The County Court properly granted the suppression motions of the defendants Joseph Fiore, William Decker, and Anthony DePalma. The People do not challenge the County Court's determination that these defendants, who were identified in the papers submitted in support of the pen register order, have standing to contest the use of the pen registers (*see, People v Kramer, supra*). Because the pen registers used in this case had the capacity to be modified to overhear conversations, and were installed without a warrant based on probable cause, all evidence obtained from them must be suppressed as to the defendants Joseph Fiore, William Decker, and Anthony DePalma (*see, People v Bialostok*, 80 NY2d 738; *People v Gilpin*, 216 AD2d 62). Moreover, all evidence derived from the subsequent eavesdropping warrant must be suppressed. Without the information obtained from the pen registers, the other evidence supporting the application did not provide probable cause for the issuance of the eavesdropping warrant (*cf., People v Bialostok, supra; People v Giordano*, 211 AD2d 814, 817, *affd* 87 NY2d 441). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.