■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MARRERO, Appellant. [673 NYS2d 152] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Minardo, J.), rendered May 28, 1997, convicting him

of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of four and one-half to nine years imprisonment.

Ordered that the judgment is modified, on the law, by reducing the sentence from an indeterminate term of four and one-half to nine years imprisonment to one of three to six years imprisonment; as so modified, the judgment is affirmed.

At his plea, the defendant was promised a sentence of three to six years imprisonment, and was then released on his own recognizance pending sentence. Thereafter, the People received information that the defendant intended to flee, and he was returned on a bench warrant and appeared for sentencing on the scheduled sentencing date. Upon finding that there was evidence that the defendant had intended to flee, the Supreme Court imposed an enhanced sentence of four and one-half to nine years imprisonment, without giving the defendant an opportunity to withdraw his plea.

We reject the defendant's contention that the plea agreement was not conditioned upon his returning for sentencing. The condition to return for sentencing can be fairly implied from the court's promise (*cf., People v Moreno,* 196 AD2d 850; *People v White,* 144 AD2d 711). However, without deciding the issue of whether the defendant's mere intent to breach a plea agreement is a sufficient reason for the court to impose an enhanced sentence, we find that the evidence that the defendant intended to flee was inadequate. Thus, the defendant is entitled to his original bargain (*see, People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *People v McKinney,* 215 AD2d 407; *People v Annunziata,* 105 AD2d 709). Ritter, J. P., Thompson, Friedmann and Goldstein, JJ., concur.