■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH FIORE, WILLIAM DECKER, ANTHONY DEPALMA, MELVIN AMIEL and JOHN ANDRIELLO, Respondents. [702 NYS2d 80] —Appeal by the People from an order of the County Court, Rockland County (Nelson, J.), dated January 17, 1997, which, after a hearing, granted those branches of the defendants' separate omnibus motions which were to suppress all evidence derived from a pen register order and eavesdropping warrant. By decision and order dated January 26, 1998, this Court modified the order by deleting the provision thereof granting those branches of the omnibus motions of the defendants Melvin Amiel and John Andriello which were to suppress all evidence derived from the pen register order and eavesdropping warrant and substituting therefor a provision denying those branches of their motions on the ground that they lacked standing to challenge the pen register order or eavesdropping warrant; as so modified, the order was affirmed (*see, People v Fiore,* 246 AD2d 664). On November 20, 1998, the Court of Appeals reversed this Court's order as to Melvin Amiel and John Andriello and remitted those matters to this Court to "exercise its standard review of the facts, and make a technology/fact-applied determination whether the pen register usage in these cases tripped into or overlapped to probable cause eavesdropping warrant status" and to review "any other issues raised but not yet ruled upon in the appeals to that court" (*People v Kramer,* 92 NY2d 529, 541, 542).

Motion by the People for reargument of an appeal from so much of an order of the County Court, Rockland County, dated

January 17, 1997, as related to the defendants Joseph Fiore, William Decker, and Anthony DePalma, which was decided by decision and order of this Court dated January 26, 1998 (*see, People v Fiore, supra*). By decision and order of this Court dated January 29, 1999, the motion was held in abeyance and was referred to the panel of Justices hearing the appeals of the defendants Melvin Amiel and John Andriello upon the remittitur from the Court of Appeals (*see, People v Kramer, supra*) for determination upon the argument or submission of their appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals of the defendants Melvin Amiel and John Andriello upon the remittitur from the Court of Appeals, it is

Ordered that the motion is granted; and it is further,

Ordered that upon reargument, so much of this Court's decision and order dated January 26, 1998 [246 AD2d 664, *supra*], as relates to the defendants Joseph Fiore, William Decker, and Anthony DePalma is recalled and vacated; and it is further,

Ordered that the order is reversed, on the law and the facts, and those branches of the omnibus motions of the defendants Joseph Fiore, William Decker, Anthony DePalma, Melvin Amiel, and John Andriello which were to suppress all evidence derived from a pen register order and eavesdropping warrant are denied.

The County Court suppressed evidence on the basis that the pen register devices used were the functional equivalent of eavesdropping devices under *People v Bialostok* (80 NY2d 738) because they had the capacity to intercept and record conversations and therefore could not be properly installed without an eavesdropping warrant issued upon a showing of probable cause. On appeal, this Court found that the defendants Melvin Amiel and John Andriello lacked standing to challenge the pen register order. We also found that the County Court properly granted suppression with regard to the defendants Joseph Fiore, William Decker, and Anthony DePalma (*see, People v Fiore, supra*). Amiel and Andriello were granted leave to appeal, and the Court of Appeals reversed this Court's order as to them and found that they had standing to challenge the pen register order (*see, People v Kramer, supra*).

Those branches of the omnibus motions of all five defendants which were to suppress pen register and wiretap evidence should be denied because the pen register surveillance here was conducted in compliance with the statutory requirements of CPL article 705 (*see, People v Martello*, 93 NY2d 645; *People v Kramer*, 267 AD2d 328 [decided herewith]).

In its decision in *People v Kramer* (92 NY2d 529, *supra*), the Court of Appeals noted that *People v Bialostok* (*supra*) should not be construed as a "per se template" requiring that any and all audio-capable pen register devices be classified as eavesdropping devices (*People v Kramer, supra,* at 541). The Court of Appeals explained that Bialostok "should be understood and applied as a more fact specific, adaptable legal guidepost for sophisticated modern technologies" requiring the court to examine "the pen register technology as used in a given investigation and situation", and suggested various factors to be considered by the courts in making their determinations (*People v Kramer, supra,* at 541).

Upon review of the record herein in light of the considerations raised by the Court of Appeals in *People v Kramer* (*supra*), we find that the pen register usage in this case did not require the issuance of an eavesdropping warrant. It is apparent that the digital and audio functions of the equipment were sufficiently discrete, and the susceptibility for misuse was sufficiently remote, to support a finding that the devices did not "trip" into "probable cause eavesdropping status" (*People v Kramer, supra,* at 541). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.