■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ZABALA, Appellant. [735 NYS2d 244] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered January 20, 1999, upon a verdict convicting defendant of the crimes of attempted robbery in the second degree, assault in the second degree, burglary in the second degree, criminal mischief in the fourth degree and harassment in the second degree.

Defendant claims that the jury verdict was not supported by legally sufficient evidence and is contrary to the weight of the evidence. In determining legal sufficiency, we view the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621) in order to ascertain "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495; see, People v Contes, supra). Simply, our inquiry concerns whether the prosecution has established a prima facie case (see, People v Jensen, 86 NY2d 248, 252). In

assessing whether the jury's verdict was supported by the weight of the evidence, however, our analysis is not so circumscribed. Rather, "[i]f based on all the credible evidence a different finding would not have been unreasonable, then [this Court] must, like the trier of fact, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra*, at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). If we determine "that the trier of fact * * * failed to give the evidence the weight it should [have been] accorded," we may set aside the verdict (*People v Bleakley, supra*, at 495). At no time, however, should we ignore the requirement that deference be accorded to the jury's "opportunity to view the witnesses, hear the testimony and observe [the] demeanor" of individuals who appear before it (*id.*, at 495; *see, People v Wright*, 214 AD2d 759, 761, *lv denied* 86 NY2d 805).

In making these assessments, the relevant facts establish that on March 2, 1998, defendant was hired to, inter alia, retrieve a boiler from the basement of rental property owned by Larry Badi in the City of Schenectady, Schenectady County. He traveled to that location with Robert Friss and, upon arrival, found the driveway blocked with a parked car. Friss, attempting to have the car moved, went to one apartment while defendant walked to the rear of the building. According to John Frank, a tenant, when he answered defendant's knock on his door, defendant hit him in the face with a hard object, causing a laceration. An argument thereafter ensued whereby defendant demanded that Frank pay Badi rent due. When Frank refused, defendant allegedly threatened him with an ice pick or some similar implement, striking Frank's refrigerator to emphasize his threats. After leaving Frank's apartment, defendant knocked on yet another apartment door to demand the payment of rent. While still inside his apartment, tenant Ken Ward explained to defendant that he did not need to pay rent. Unsatisfied with this response, Ward testified that defendant broke open the door and punched him in the head. During this melee, Ward's television fell to the floor and cracked. At Friss' urging, defendant left Ward's apartment and together they traveled to the basement to retrieve the boiler. Shortly thereafter, defendant was arrested.

At trial, the jury heard the testimony of Badi, Friss, Frank, Ward, defendant and others. While defendant claimed that his attempts to collect rent were authorized by Friss, neither Friss nor Badi supported this assertion. Clearly, the credibility de-

termination regarding this conflict was left for the jury. After trial, defendant was convicted of attempted robbery in the second degree, assault in the second degree, burglary in the second degree, criminal mischief in the fourth degree and harassment in the second degree.

Upon our review, we find that the record evidence supports defendant's conviction of attempted robbery in the second degree, there having been competent evidence to establish that, with the intent to commit larceny, he undertook to forcibly steal property and cause physical injury to a nonparticipant in the crime (*see*, Penal Law §§ 110.00, 160.10 [2] [a]). Ample evidence further supported the jury's determination that defendant committed the crime of assault in the second degree since he intentionally caused physical injury to another by means of a dangerous instrument (*see*, Penal Law § 120.05 [2]); Frank's physical injuries were demonstrated at trial and his testimony established that he was struck in the face with a plate. From this testimony, the jury could be found to have reasonably concluded that, under these circumstances, the plate was readily capable of causing serious physical injury (*see*, *People v Pagan*, 163 AD2d 681; *see also*, Penal Law § 10.00 [13]).

Turning to the burglary conviction, we find competent evidence to prove that defendant unlawfully entered a dwelling with the intent to commit a crime therein (*see*, Penal Law § 140.25 [2]). While his entering into the apartment building was lawful, his entry into the victims' apartments was not. Finally, we can find no error in defendant's conviction of criminal mischief, which was grounded upon the damage that he caused to the property of others (*see*, Penal Law § 145.00 [1]).

Affording deference to the jury's opportunity to assess the credibility of these witnesses, we find that the evidence was legally sufficient and that the verdict was not against the weight of the evidence.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.