■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [740 NYS2d 212] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered October 31, 2000, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 11½ years, unanimously affirmed.

Defendant's claim that the court considered an improper factor in imposing sentence requires preservation (see, People v Harrison, 82 NY2d 693), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the record fails to support defendant's contention that his perjury before the grand jury in the instant case was one of the factors considered by the court in imposing sentence. In any event, even assuming, arguendo, that such perjury was among the factors influencing the sentence, this was appropriate, particularly since the falsity of defendant's grand jury testimony was conceded at sentencing (see, United States v Grayson, 438 US 41). We perceive no basis for a reduction of sentence. We note that the sentence was well below the maximum sentence defendant could have received pursuant to his plea agreement. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL REID, Also Known as MARLON DUSSARD, Appellant. [740 NYS2d 213] —Judgment, Supreme Court, New York County (Lewis Stone, J.), rendered March 16, 2001, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). There is no basis upon which to disturb the jury's determinations concerning identification and credibility. The observing officer had an ample opportunity to observe the transactions, and the evidence warranted a reasonable inference that defendant sold the drugs that were recovered from three separate individuals. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.