■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON ROSADO, Appellant. [752 NYS2d 139] —Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 12, 2001, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's conviction stems from his May 4, 2000 sale of crack cocaine to an individual (*see* Penal Law § 220.39 [1]). Following a jury trial, defendant was found guilty of criminal sale

of a controlled substance in the third degree and he was sentenced to 4 to 12 years in prison. Defendant appeals, challenging the legal sufficiency and weight of the evidence, the introduction of certain evidence at trial, and the severity of his sentence.

Police Sergeant Larry Hendrickson of the City of Binghamton Police Department testified that on the evening of May 4, 2000, while on surveillance, he observed defendant and another individual, later identified as Raymond McKan, walk down the street together, "continually looking around." He further testified that he was certain that he saw McKan hand money to defendant, saw defendant put the money into his pocket and then hand an unidentifiable object to McKan, who placed it in his mouth. Hendrickson indicated that his use of binoculars made the transaction appear to him to be four feet away and in good lighting.

When the transaction concluded, Hendrickson immediately stopped defendant and McKan, who were the only individuals near the area, and radioed for backup. A search of defendant disclosed $49 in crumpled bills in his pocket. Hendrickson then spoke with McKan and, noticing that McKan had something in his mouth, ordered him to spit it out. After refusing to do so, McKan was taken around the corner by another officer, who testified that he retrieved one "cornerwrap" of what was later identified as crack cocaine from McKan's mouth.* McKan was then released. At trial, McKan testified against defendant.

At trial, defendant testified that he gave some change to McKan and, in exchange, was given a dollar bill. He further testified that he had been stopped by the Binghamton police on a prior occasion for driving without a license and, at the time, he lied to them about his name. He admitted that on the evening in question, he lied to Hendrickson about both his address and that he had not spoken with McKan.

Initially, we reject defendant's challenges to the legal sufficiency and weight of the evidence. Defendant argues that the People failed to show that he had actually possessed the drugs found on McKan. Viewing the evidence in the light most favorable to the prosecution (see People v Harper, 75 NY2d 313, 316), we conclude that the evidence provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the

---

* The record indicates that McKan resisted spitting out the crack until threatened with arrest and was promised that he would not be charged if he cooperated with the police.

proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). In other words, we are satisfied that the "prosecution has proved a prima facie case" (*People v Luck*, 294 AD2d 618, 619, *lv denied* 98 NY2d 699; *see People v Zabala*, 290 AD2d 578, 578, *lv denied* 97 NY2d 735). "In assessing whether the jury's verdict was supported by the weight of the evidence, however, our analysis is not so circumscribed. Rather, '[i]f based on all the credible evidence a different finding would not have been unreasonable, then [this Court] must, like the trier of fact, "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" ' " (*People v Zabala*, *supra* at 578-579, quoting *People v Bleakley*, *supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). At trial, the jury heard the testimony of McKan, and the eyewitness observations of Hendrickson. When paired with the recovery of the drugs and the inconsistencies in defendant's statement to the police and his testimony at trial, we find that, in according appropriate deference to the jury's assessment of the testimony and the credibility and demeanor of the witnesses, the verdict was not against the weight of the evidence.

Next, we reject defendant's contention that his conviction was tainted by the People's failure to reveal a material fact to the defense, i.e., that, at the time of the incident, the witness McKan was an agent of the Binghamton police. Defendant offers nothing more than speculation that McKan was a police informant, which is "insufficient to establish a * * * *Brady* violation" (*People v Parkinson*, 268 AD2d 792, 793, *lv denied* 95 NY2d 801).

Similarly untenable is defendant's argument that County Court improperly considered his prior criminal conduct, as well as his perjurious testimony, in imposing an excessively harsh sentence. Specifically, the source of the information about prior criminal conduct was an earlier case tried before the same judge. In that case, after the jury was unable to reach a verdict, the trial court dismissed the case for lack of evidence because the People were unable to produce the confidential informant. Notwithstanding the dismissal, the trial court found that defendant had perjured himself in the earlier case, as well as in the case now before the court. County Court also noted that it did not believe that defendant was willing to rehabilitate himself. Based upon those findings and the jury's verdict, defendant was sentenced to 4 to 12 years in prison. As defendant failed to object at the time of sentencing, the claim that the

court considered improper factors in imposing the sentence is unpreserved for appellate review (*see People v Harrison*, 82 NY2d 693, 694; *People v Anonymous*, 293 AD2d 374, *lv denied* 98 NY2d 729). Furthermore, we find that the court properly considered defendant's prior criminal conduct at sentencing since the judge had presided over defendant's previous trial and had reliable and accurate information about said conduct (*see People v Outley*, 80 NY2d 702, 712; *see also People v Naranjo*, 89 NY2d 1047, 1049), as well as defendant's perjury (*see People v Davila*, 238 AD2d 625, 626; *see also United States v Grayson*, 438 US 41, 50-52). As the sentence imposed on defendant comports with the statutory parameters, we find that it is not harsh or excessive.

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

