Rose, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 16, 2001, upon a verdict convicting defendant of the crimes of rape in the first degree and burglary in the first degree.
Defendant was indicted for rape in the first degree and burglary in the first degree (two counts). The charges arose from his sexual contact with the victim in her home and were supported by the victim’s description of the perpetrator as well as DNA evidence that matched the semen recovered from the victim to a blood sample taken from defendant pursuant to a search warrant. In connection with defendant’s suppression motions, the parties stipulated that the People would be precluded *704 from using at trial any oral statement made by defendant to police after he was in custody. A jury convicted defendant of rape in the first degree and one count of burglary in the first degree, and County Court sentenced him to concurrent prison terms of 25 years. We now affirm.
Initially, defendant contends that County Court erred in failing to suppress evidence that allegedly was the fruit of the statements he made to police during a concededly illegal interrogation. Specifically, defendant asserts that his statements facilitated the police investigation by revealing that he knew the victim, saw her on the evening in question, was familiar with the building where she lived, and had a key to the building when he was a tenant there. This argument is unpersuasive, however, as all of this information had already been obtained by the police from the victim and her landlord prior to their interrogation of defendant.
Defendant also contends that there was no proof of vaginal penetration or forcible compulsion as to the rape charge (see Penal Law § 130.35 [1]), or physical injury as to the burglary charge (see Penal Law § 140.30 [2]). Our review of the legal sufficiency of the evidence considers whether, viewing the evidence in a light most favorable to the prosecution, the People established a prima facie case (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zabala, 290 AD2d 578, 578 [2002], lv denied 97 NY2d 735 [2002]). Mindful that a different finding would not have been unreasonable if the jury had credited defendant’s claim that the sexual contact was consensual, we have also “ ‘weighted] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ ” (People v Bleakley, supra at 495, quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]).
As to the charge of rape in the first degree, evidence of vaginal penetration was provided through the victim’s testimony that although defendant initially was unable to penetrate her vagina, he ultimately succeeded. The victim also testified that defendant jumped on her, covered her head with a pillow, held her down, and told her that he had a gun and would kill her if she tried to look at him. This testimony, combined with the presence of semen and injuries on the victim’s genital area, were more than sufficient to establish the challenged elements of the rape charge (cf. People v Carroll, 95 NY2d 375, 383-384 [2000]; People v Smith, 302 AD2d 677, 679 [2003], lv denied 100 NY2d 543 [2003]). As to the burglary charge, the testimony at trial established that as a result of defendant’s attack, the victim *705 sustained cuts to her forehead and neck, had a layer of skin removed and a blood vessel broken in the area of her vagina, and experienced severe pain in that area during a subsequent medical examination. This evidence, combined with the victim’s description of the pain she endured during defendant’s several attempts to penetrate her, sufficiently established the requisite physical injury (see People v Black, 304 AD2d 905, 908 [2003], lv denied 100 NY2d 578 [2003]; People v Jackson, 169 AD2d 887, 889-890 [1991], lv denied 77 NY2d 996 [1991]).
We also conclude, after according due deference to the jury’s “ ‘opportunity to view the witnesses, hear the testimony and observe [the] demeanor’ of individuals who appear before it” (People v Zabala, supra at 579, quoting People v Bleakley, supra at 495), that the appropriate weight was given to the evidence. The jury’s choice to believe the victim and discredit defendant’s testimony was not “manifestly erroneous [or] plainly unjustified by the evidence” (People v Corporan, 169 AD2d 643, 643 [1991], lv denied 77 NY2d 959 [1991]).
We have considered defendant’s remaining arguments and find them to be equally unpersuasive.
Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.