■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIANNE L. PERRY, Appellant. [768 NYS2d 717]—Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered November 1, 2001, convicting defendant upon her plea of guilty of the crime of attempted grand larceny in the third degree.

Defendant was the subject of an indictment charging her with the crimes of grand larceny in the third degree and issuing a bad check. Pursuant to a plea agreement, she pleaded guilty to the crime of attempted grand larceny in the third degree in full satisfaction of the indictment, waiving her right to appeal. In exchange, the prosecution agreed to recommend a sentence of four months in jail, the payment of restitution, and a five-year term of postrelease supervision to run concurrently with any jail term to be imposed following defendant's conviction on a separate indictment in Warren County. Before accepting defendant's guilty plea, County Court emphasized that he would not be bound by the sentence recommended by the prosecution. Both defendant and defense counsel affirmed on the record their understanding that the sentencing court was not constrained to impose the recommended sentence. Defendant was ultimately sentenced to nine months in jail, to be served consecutively with the six-month jail sentence previously imposed in Warren County.

Defendant appeals, contending that her sentence should be reduced. By waiving her right to appeal, as part of a knowing, voluntary and intelligent plea of guilty, however, she has failed to preserve this issue for our review (*see People v Hidalgo,* 91 NY2d 733, 736 [1998]; *People v Cabezas,* 307 AD2d 594, 595 [2003]). Our review of the record, in any event, discloses no extraordinary circumstances or abuse of the sentencing court's discretion that would warrant a reduction of the sentence in the interest of justice (*see People v Flood,* 307 AD2d 478, 479 [2003];

*People v Nichols,* 306 AD2d 622 [2003]). Defendant's remaining contentions have been examined and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.