■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PORTEE, Appellant. [817 NYS2d 397]—Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 8, 2004, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (five counts) and criminal possession of a controlled substance in the fourth degree.

The January 2004 execution of a search warrant by police at

a residence in the City of Schenectady, Schenectady County, yielded a quantity of narcotics and resulted in the arrest and subsequent indictment of defendant, among others. After County Court denied defendant's suppression motion, he pleaded guilty to the sale and possession counts in the indictment. Thereafter, County Court sentenced defendant, as a second felony offender, to concurrent terms of 7 to 14 years in prison, prompting this appeal.

Initially, we note that defendant expressly waived his right to appeal from the denial of his suppression motion (*see People v Booth,* 23 AD3d 766, 767 [2005]). Such waiver came in exchange for a sentencing promise by County Court (*compare People v Coles,* 13 AD3d 665, 666 [2004]), and otherwise appears to have been knowingly, intelligently and voluntarily made (*see generally People v Seaberg,* 74 NY2d 1, 7-11 [1989]). Nonetheless, inasmuch as defendant failed to allege facts from which the court could conclude that he had a reasonable expectation of privacy in the premises subject to the warrant, we cannot conclude that County Court erred in denying his motion to suppress (*see* CPL 710.60; *People v Wesley,* 73 NY2d 351, 358-359 [1989]; *People v Prodromidis,* 276 AD2d 912, 912 [2000]; *see also People v Geraghty,* 212 AD2d 358 [1995], *lv denied* 85 NY2d 938 [1995]).

As to defendant's challenge to the severity of his sentence, we likewise note that such claim was encompassed within his knowing, intelligent and voluntary waiver of appeal (*see People v Lococo,* 92 NY2d 825, 826 [1998]). Moreover, although this Court "may be divested of its unique interest-of-justice jurisdiction only by constitutional amendment" (*People v Lopez,* 6 NY3d 248, 255 [2006]; *see People v Seaberg, supra* at 9; *People v Thompson,* 60 NY2d 513, 520 [1983]), defendant, as a result of his valid appeal waiver, has relinquished his right to request that we exercise such authority (*see People v Lopez, supra* at 255).

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.