■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY D. HOOTEN, Appellant. [823 NYS2d 304]—Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 28, 2005, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

Waiving his right to appeal, defendant pleaded guilty to attempted criminal possession of a weapon in the third degree. He was thereafter sentenced in accordance with the negotiated plea agreement to a prison term of 1⅓ to 4 years. Defendant now appeals.

We affirm. Defendant argues that County Court erred in sentencing him without appropriately reviewing his mental health history and by possibly considering the criminal history of another person.* However, given defendant's waiver of appeal, these issues, which do not touch upon the legality of the sentence, are not preserved (see People v Callahan, 80 NY2d 273, 281 [1992]; People v Griffin, 17 AD3d 927, 927 [2005]; People v Rosado, 300 AD2d 838, 840-841 [2002], lv denied 99 NY2d 619 [2003]; People v Anonymous, 293 AD2d 374, 374 [2002], lv denied 98 NY2d 729 [2002]). Defendant's claims are, in any event, wholly unsubstantiated by the record. Finally, defendant's appeal waiver also precludes him from requesting that we modify the agreed-upon sentence in the interest of justice (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Cain, 29 AD3d 1032, 1033 [2006]; People v Portee, 28 AD3d 802, 803 [2006]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* Apparently, a driving while intoxicated supporting deposition and/or bill of particulars pertaining to a different person and noting that person's prior criminal convictions was inadvertently submitted to County Court.