■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE DERRICK NELSON, Appellant. [833 NYS2d 53]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 15, 2004, convicting defendant, after a nonjury trial, of grand larceny in the third degree, and sentencing him to a term of five years' probation with restitution in the amount of $21,749.11, unanimously modified, on the law, to reduce the restitution to the amount of $6,865.40, and otherwise affirmed.

The verdict was not against the weight of the evidence. The evidence supports the inference that defendant acted with larcenous intent when he filed fraudulent tax returns in which he requested refunds, and obtained such refunds in the form of credits against other tax liabilities. The fact that he may have

carried out his scheme in a manner that, as he puts it, "invited an audit," does not, under the totality of the evidence, raise a reasonable doubt about his larcenous intent.

Except as indicated, the court's restitution order was proper. The tax refunds that defendant obtained in the form of credits against other liabilities represent the amount that defendant profited from the offense and constitute the fruit of his crime and the out-of-pocket loss sustained by the victimized taxing authorities. As a result of defendant's criminal conduct, these authorities reduced defendant's debt. Defendant argues that the victims have no out-of-pocket loss, because they can make themselves whole by reversing the credits and reinstating the full debt. However, the victimized taxing authorities are under no obligation to undo defendant's crime and restore themselves to the status of creditors with respect to the amount in question.

However, as the People concede, it was improper to order restitution in the amount of $4,912.18, representing defendant's outstanding tax liabilities for 1999 and 2000, and $9,262.78 representing interest and penalties, because neither was a "fruit" of the crime charged or an "actual out-of-pocket loss caused" by the offense (*see* Penal Law § 60.27 [1]; *People v Martinez*, 202 AD2d 735, 738 [1994]). Accordingly, the judgment must be modified to remove those components of the restitution order, and the 5% surcharge must also be adjusted. Therefore, the correct amount of restitution is $6,538.48 plus a statutory surcharge of 5% ($326.92), for a total of $6,865.40.

Defendant made a valid waiver of his right to a jury trial (*see People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US —, 126 S Ct 2971 [2006]). Defendant's venue argument is unpreserved and we decline to review it in the interest of justice. Concur—Andrias, J.P., Friedman, Buckley, Sweeny and Catterson, JJ.