■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN C. GORDON JR., Appellant. [860 NYS2d 695]—

Appeal from a judgment of the County Court of St. Lawrence

---

County (Richards, J.), rendered May 7, 2007, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a three-count indictment, defendant pleaded guilty to driving while intoxicated and waived his right to appeal. The plea agreement included a sentence to a one-year term of interim probation, with no promise as to sentencing at the end of interim probation. Prior to the date of sentencing, however, defendant was arrested for offenses arising out of his operation of a motor vehicle after having consumed alcohol. County Court, noting that it had advised defendant at the plea hearing that his driver's license was revoked and he was not to operate a motor vehicle, declined to sentence defendant to interim probation and, instead, sentenced him to 2 to 6 years in prison. On this appeal, defendant contends that the court erred in imposing an enhanced sentence.

Initially, we disagree with the People's contention that defendant failed to preserve his argument. Defendant's waiver of the right to appeal does not preclude him from challenging County Court's imposition of a sentence other than the one agreed to as part of the plea bargain (see People v Terrell, 41 AD3d 1044, 1045 [2007]). Additionally, defendant was not required to make a postjudgment motion to preserve his argument, as a CPL article 440 motion is not necessary or appropriate to preserve an error or omission that implicates the voluntariness of the plea and is clear from the face of the record (see CPL 440.10 [2] [b], [c]; People v Louree, 8 NY3d 541, 546 [2007]; People v Lewis, 48 AD3d 880, 880-881 [2008]).

Turning to the merits, County Court erred in imposing a sentence other than that agreed to as part of the plea agreement. After defendant entered his plea, the court informed him that he could not possess or consume alcohol or drive, but those instructions were apparently conditions of his release without bail. At no time did the court inform defendant that the court would not be bound by the agreed-upon sentence if he failed to follow these conditions. Without having advised defendant of this possibility, the court could not subject defendant to an enhanced sentence unless it first permitted him to withdraw his plea (see People v Armstead, 52 AD3d 966 [2008]; People v Hastings, 24 AD3d 954, 955-956 [2005]). We therefore modify the judgment and remit for the court to impose the agreed-upon sentence or permit defendant to withdraw his plea.

Peters, J.P., Spain, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of

St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.