■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY A. DILLON, Appellant. [877 NYS2d 509]—Peters, J.P. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered June 3, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was arrested after a substantial amount of cocaine was discovered in his car. He later waived indictment and agreed to be prosecuted by a superior court information. Pursuant to the terms of a plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and waived his right to appeal. He was thereafter sentenced to a prison term of five years and two years of postrelease supervision. Defendant appeals and we affirm.

Defendant argues that his constitutional rights were violated by the Essex County Drug Court's refusal to accept him into the program. As Drug Court is a "procedure[ ] utilized in

determining and imposing sentence" and has no impact upon the legality of the sentence itself, defendant's waiver of the right to appeal precludes our review of his argument that he should have been accepted into the program (*People v Callahan*, 80 NY2d 273, 281 [1992]; *see People v Hooten*, 34 AD3d 941 [2006]). Additionally, the issue is unpreserved due to defendant's failure to raise it before County Court (*see* CPL 470.05 [2]; *People v Iannelli*, 69 NY2d 684, 685 [1986], *cert denied* 482 US 914 [1987]; *People v Sander*, 47 AD3d 1012, 1013 [2008], *lv denied* 10 NY3d 844 [2008]).

We lastly note that defendant's challenge to the severity of the sentence imposed is precluded by his appeal waiver (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hyson*, 56 AD3d 890, 892 [2008], *lv denied* 12 NY3d 758 [2009]).

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.