■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN K. PLATERO, Appellant. [880 NYS2d 591]—Kavanagh, J. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered March 25, 2008, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of three pending indictments, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and waived his right to appeal. Pursuant to the terms of the plea agreement, the People and defendant both recommended that defendant be sentenced to a prison term of seven years and postrelease supervision of between one and two years. County Court deemed the recommended sentence to be inappropriate and sentenced defendant, as a second felony offender, to a prison term of 10 years and postrelease supervision of three years. Defendant appeals and we affirm.

Defendant argues that no information properly before County Court justified its failure to impose the recommended sentence. County Court was not obligated to follow that recommendation, as it advised defendant of both its authority to render a different sentence and the maximum prison sentence that was permissible (*see People v Watson*, 61 AD3d 1217, 1219 [2009]; *People v Rawdon*, 296 AD2d 599, 599 [2002], *lv denied* 98 NY2d 771 [2002]). Accordingly, defendant's argument amounts to a challenge to the procedures used by the court in determining his sentence and is precluded by his appeal waiver (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Hicks*, 201 AD2d 831, 832 [1994], *lv denied* 83 NY2d 911 [1994]; *cf. People v Gordon*, 53 AD3d 793, 794 [2008]).

Finally, defendant's appeal waiver also precludes our review of his challenge to the sentence as harsh and excessive (*see People v Bunce*, 45 AD3d 982, 985 [2007], *lv denied* 10 NY3d 809 [2008]; *People v Perry*, 2 AD3d 1153, 1153 [2003], *lv denied* 2 NY3d 744 [2004]).

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.