■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZAREIF RAHIM, Appellant. [910 NYS2d 288]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 27, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree (two counts).

Waiving his right to appeal, defendant pleaded guilty to possessing a loaded .40 caliber semi-automatic pistol with the understanding that his sentence would not exceed 3½ years in prison and County Court would consider granting youthful offender status. Ultimately, County Court declined to adjudicate

defendant a youthful offender and imposed a prison term of 3¹/₂ years with three years of postrelease supervision. Defendant appeals and we affirm.

Defendant contends that County Court's determination to deny youthful offender status was improperly based upon the disputed allegations by the prosecutor at sentencing that, when the pistol was seized by the police, there was a shell in its chamber and the weapon's safety was off. Defendant argues that County Court should have held a hearing to resolve the dispute prior to determining his youthful offender status. This issue is unpreserved, however, due to defendant's failure to request a hearing at the time of sentencing (*see* CPL 470.05 [2]; *People v Delayo*, 52 AD3d 1114, 1115 [2008], *lv denied* 11 NY2d 787 [2008]). In any event, review is precluded by defendant's valid bargained-for waiver of appeal because his claim is a challenge to the procedures utilized in determining the sentence and does not implicate the legality of the sentence or the power of the court to impose it (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Platero*, 63 AD3d 1446 [2009], *lv denied* 13 NY3d 861 [2009]; *People v Dillon*, 61 AD3d 1221, 1221-1222 [2009], *lv denied* 14 NY3d 840 [2010]; *People v Hooten*, 34 AD3d 941 [2006]; *People v Griffin*, 17 AD3d 927, 927 [2005]; *People v Hicks*, 201 AD2d 831, 832 [1994], *lv denied* 83 NY2d 911 [1994]).

Finally, defendant's request that we exercise our interest of justice jurisdiction to grant youthful offender status is barred by his valid appeal waiver (*see People v Cullen*, 62 AD3d 1155, 1157 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Rosseter*, 62 AD3d 1093, 1095 [2009]; *People v Baker*, 6 AD3d 751 [2004]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.