*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    107192
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
        v                                    MEMORANDUM AND ORDER

TRACY J. WHITE JR.,
                         Appellant.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Frank A. Sarat, Homer, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered September 19, 2014, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree (four counts) and grand larceny in the third degree (three counts).

        Defendant was charged by indictment with four counts of robbery in the second degree and three counts of grand larceny in the third degree.  Without any promise having been made as to the sentence to be imposed, defendant pleaded guilty as charged.  Following a restitution hearing, County Court sentenced defendant to an aggregate prison term of 13 years, to be followed by five years of postrelease supervision, and ordered him to pay restitution in the amount of $68,662, plus a five percent

surcharge.  Defendant appeals.

Initially, as the record does not reflect that he made an appropriate postallocution motion, defendant's challenge to the voluntariness of his plea is unpreserved (see People v Richardson, 132 AD3d 1022, 1023 [2015]; People v Waite, 120 AD3d 1446, 1447 [2014]).  Moreover, the narrow exception to the preservation rule was not triggered since defendant did not make any statements during the plea allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Spellicy, 123 AD3d 1228, 1230 [2014], lv denied 25 NY3d 992 [2015]).  Similarly, in the absence of an objection at the time of sentencing, defendant failed to preserve his contention that County Court considered improper factors in imposing sentence (see People v Colome-Rodriguez, 120 AD3d 1525, 1525-1526 [2014], lv denied 25 NY3d 1161 [2015]; People v Rosado, 300 AD2d 838, 840-841 [2002], lv denied 99 NY2d 619 [2003]; People v Anonymous, 293 AD2d 374, 374 [2002], lv denied 98 NY2d 729 [2002]).

Lastly, defendant argues that County Court erred in ordering him to pay $19,149 in restitution to Finger Lakes Healthcare Federal Credit Union to cover the cost of hiring armed security guards for a period of roughly three months until certain physical security measures could be installed.  As relevant here, County Court "may require restitution or reparation as part of the sentence imposed upon a person convicted of an offense[] and . . . require the defendant to make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby" (Penal Law § 60.27 [1] [emphasis added]).  The amount of restitution imposed "may be no greater than the sum necessary to compensate the victim for out-of-pocket losses" (People v Consalvo, 89 NY2d 140, 144 [1996]; see People v Tzitzikalakis, 8 NY3d 217, 220 [2007]; People v Ayers, 45 AD3d 1290, 1291 [2007], lv denied 10 NY3d 808 [2008]).  Here, while the credit union's decision to temporarily hire security guards was likely motivated by the fact that defendant perpetrated two of his offenses against the same branch, we cannot conclude that this voluntary decision constituted an out-of-pocket loss caused by defendant's offenses (see Penal Law § 60.27 [1]; People v Nelson, 38 AD3d 472, 473

[2007], <u>lv denied</u> 9 NY3d 879 [2007]).  Accordingly, the restitution award should be modified to $49,513, with a five percent surcharge of $2,475.65, for a total award of $51,988.65.

Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, by reducing the amount of restitution awarded to $49,513, with a five percent surcharge of $2,475.65, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court