People v Feher (2018 NY Slip Op 06653)





People v Feher


2018 NY Slip Op 06653


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


969 KA 16-00617

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH FEHER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered November 10, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on count one of the indictment to an indeterminate term of imprisonment of 2 to 4 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law
§ 140.20) and grand larceny in the fourth degree (§ 155.30 [1]). We conclude that defendant validly waived his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v James, 155 AD3d 1094, 1095 [3d Dept 2017], lv denied 30 NY3d 1116 [2018]; People v Gibson, 147 AD3d 1507, 1507-1508 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]). Defendant's valid waiver of the right to appeal forecloses his contention that County Court abused its discretion in terminating him from the drug court program (see People v McKay, 106 AD3d 837, 838 [2d Dept 2013], lv denied 21 NY3d 1006 [2013]; People v Schwandner, 67 AD3d 1481, 1481 [4th Dept 2009], lv denied 14 NY3d 805 [2010]; People v Ephram, 47 AD3d 497, 497 [1st Dept 2008], lv denied 10 NY3d 810 [2008]; cf. People v Peck, 90 AD3d 1500, 1501 [4th Dept 2011]; see generally People v Dillon, 61 AD3d 1221, 1221-1222 [3d Dept 2009], lv denied 14 NY3d 840 [2010]).
Defendant's waiver of the right to appeal does not, however, foreclose his further contention that the sentence imposed on count one of the indictment violated the terms of the plea bargain (see People v Copes, 145 AD3d 1639, 1639 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]; People v Harris, 142 AD3d 557, 557 [2d Dept 2016]; People v Jones, 77 AD3d 1178, 1178 [3d Dept 2010], lv denied 16 NY3d 832 [2011]), and the People correctly concede that the sentence on that count did, in fact, exceed the sentence promised in the plea bargain (see generally People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]). Although defendant failed to preserve that contention for appellate review (see People v Williams, 27 NY3d 212, 219-225 [2016]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see People v Smith, 160 AD3d 1475, 1475 [4th Dept 2018]). In light of the parties' joint request for specific performance of the plea bargain rather than vacatur of the guilty plea, we modify the judgment by reducing the sentence imposed on count one to an indeterminate term of imprisonment of 2 to 4 years as contemplated by the plea bargain (see People v Marrero, 250 AD2d 624, 625 [2d Dept 1998]; People v Annunziata, 105 AD2d 709, 709 [2d Dept 1984]).
Defendant's challenge to the severity of his sentence as modified is foreclosed by his [*2]valid waiver of the right to appeal (see Lopez, 6 NY3d at 255-256). Defendant's reliance on People v Boyzuck (72 AD3d 1530 [4th Dept 2010]) is misplaced. In Boyzuck, we held that the defendant's valid appeal waiver did "not preclude her from challenging the severity of the sentence inasmuch as the court's statements concerning the maximum sentence . . . were inconsistent, confusing and misleading" (id. at 1530). Here, in contrast, the court's evolving statements regarding defendant's maximum exposure on count one simply tracked the ongoing plea negotiations and were not misleading, inconsistent, or confusing.
Finally, we note that the certificate of conviction contains incorrect dates for the underlying offenses, and it must therefore be amended to reflect the correct dates recited in the uniform sentence and commitment sheet (see People v Curtis, 162 AD3d 1758, 1758 [4th Dept 2018]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court